UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES FRANCIS HALL, JR.,

                      Petitioner,
  v.                                                      9:23-CV-0317
                                                              (MAD)
THE PEOPLE OF THE STATE OF NEW YORK,

                      Respondent.[1]
_____

APPEARANCES:                                                     OF COUNSEL:

JAMES FRANCIS HALL, JR.
23-B-1041
Petitioner, pro se
Lakeview Shock Correctional Facility
9300 Lake Avenue
P.O. Box T
Brocton, NY 14716[2]

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

       Petitioner James Hall seeks federal habeas relief pursuant to 28 U.S.C. § 2241.  Dkt.

---

    [1] The proper respondent for a § 2241 petition is the director or warden of the detention facility where the petitioner is incarcerated because the respondent is the individual "with the ability to produce [the petitioner's] body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  Petitioner is presently housed at Lakeview Correctional Facility; therefore, the correct respondent is Brian Kubik.

    [2] A search of the Incarcerated Information database maintained by the New York State Department of Corrections and Community Supervision ("DOCCS") has petitioner in DOCCS custody and housed at Lakeview Shock Correctional Facility.  While the Local Rules provide that pro se litigants "must immediately notify the Court of any change of address," N.D.N.Y.L.R. 10.1(c)(2), or face potential "dismissal of any pending action," N.D.N.Y.L.R. 41.2(b), petitioner will not be required to file a new address with the Court given its decision to dismiss the instant action.

No. 1, Petition ("Pet.").³  Petitioner also remitted the statutory filing fee to properly commence the instant action.⁴  Dkt. Entry for Pet. dated 03/09/23 (identifying receipt information for the filing fee transaction).

## II.     THE PETITION

On February 3, 2023, Saratoga County Court sentenced petitioner to a drug treatment program.⁵  Pet. at 1-2; Dkt. No. 1-1 at 1.  Petitioner challenges respondent's actions in delaying his transfer to treatment.  Pet. at 2.  Specifically, petitioner argues that his rights have been violated because respondent failed to comply with the 10-day time limit, imposed by New York Criminal Procedure Law § 410.91, to transfer petitioner first to a reception center and then to a treatment facility.  *Id.* at 2, 6; Dkt. No. 1-1 at 1.

Petitioner has not challenged this delay in state court.  Pet. at 2-3, 5.  Petitioner requests immediate release to parole supervision.  *Id.* at 7; Dkt. No. 1-1 at 1.  For a more complete statement of petitioner's claims, reference is made to the petition.

---

³ For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

⁴ The proper filing fee for a habeas corpus petition is $5.00.  28 U.S.C. § 1914(a).

⁵ Petitioner indicates that he was sentenced to Willard.  Pet. at 1-2.  Willard was a drug treatment center operated by New York State Department of Corrections and Community Supervision, along with the New York State Division of Parole and licensed by the New York State Division of Alcohol and Substance Abuse Services.  *Buitrago v. City of New York*, No. 1:11-CV-8551, 2012 WL 6621688, at *1 n.1 (S.D.N.Y. Dec. 19, 2012).  However, Willard is no longer listed as a DOCCS facility.  *See* Corrections and Community Supervision Facility Map *available at* https://doccs.ny.gov/system/files/documents/2022/09/facility-map-11-1-22.pdf (dated September 2022).  The Court's independent research indicates that petitioner is now incarcerated at Lakeview Correctional Facility, which also provides substance abuse treatment to inmates.  *See* DOCCS Incarcerated Lookup Website, available at http://nysdoccslookup.doccs.ny.gov ("Hall, James F.") (last visited Mar. 20, 2023).  This was confirmed by a recent call the Court received from petitioner's mother, on March 20, 2023, indicating that petitioner was transferred to Lakeview Correctional Facility and his DOCCS Department Identification Number was 23-B-1041.

**III.    DISCUSSION**

    **A.    Non-Cognizable Claim**

Petitioner requests that he immediately be released to parole supervision because he was not timely transferred to a drug treatment facility in the window statutorily provided by the New York Criminal Procedure Law.

Habeas corpus relief is available if a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  Accordingly, "[a] federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  Therefore, to the extent that petitioner seeks federal habeas relief because respondent failed to comply with New York State law, such relief is unavailable.

To the extent petitioner argues that he had a constitutional liberty interest in a timely transfer to Lakeview, such claims are also unpersuasive.  "[T]he authority in this Circuit holds that the failure of prison authorities to timely transfer an inmate to a drug treatment program does not state a redressable constitutional claim." *Cofield v. Lempke*, No. 1:10-CV-0284, 2011 WL 2881951, at *5 (W.D.N.Y. July 15, 2011) (citing *Andujar v. Fischer*, No. 9:09-CV-0489 (NAM/DRH), 2010 WL 786298, at *2-*4 (N.D.N.Y. Mar. 2, 2010)).  Whether the inmate was seeking relief pursuant to the civil rights statute or a federal habeas action, the result is the same: "courts in this Circuit have explicitly held that a delay in transferring prisoners to [a drug treatment program] does not state a federal due process claim." *McMillian v. Perez*, No. 1:14-CV-3854, 2016 WL 4926202, at *5 & n.7 (S.D.N.Y. Sept. 14, 2016) (citing *inter alia Andujar* and *Cofield* and explaining that the "decisions . . . set forth general legal principles rather than holdings limited to the specific facts presented by the individual [inmates].").

Accordingly, relief for any such violation is not available through a federal habeas corpus action.

## B.     Exhaustion

Even assuming petitioner did assert a cognizable claim, there is still a fatal flaw to the instant petition.[6]

Regardless of whether petitioner makes the present challenges as a pretrial detainee or a convicted state inmate, he would still have to exhaust his challenges in state court. *See Blanchard v. New York*, No. 9:18-CV-0448 (GTS/CFH), 2018 WL 2324054, at *2-*3 (N.D.N.Y. May 22, 2018) (concluding that failure to exhaust under either § 2254 or § 2241 renders the petition premature); *Harrison v. Wolcott*, No. 6:20-CV-6270, 2020 WL 3000389, at *2 (W.D.N.Y. June 4, 2020) (explaining the differences between exhaustion of a § 2254 petition and a § 2241 petition and concluding that exhaustion is required in both instances).

---

[6] This petition was brought pursuant to 28 U.S.C. § 2241. As previously noted, section 2241 provides relief to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a),(c)(3). That section generally permits federal prisoners to challenge the execution of a sentence, including the computation of the sentence and parole decisions, rather than the imposition of that sentence or the underlying federal conviction under section 2255. *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003).
    State prisoners, in contrast, must bring challenges both to the execution of a sentence and to underlying convictions under section 2254, which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *accord, Cook*, 321 F.3d at 278.
    Here, as confirmed by the DOCCS website, petitioner is a state prisoner – with a Department Identification Number housed in a state correctional facility – who seeks immediate release to New York State Parole Supervision. While petitioner explicitly categorizes this petition as a § 2241 petition, the courts are not bound to accept it as such. *See Cook*, 321 F.3d at 277-78 (explaining that "if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under [§] 2241, the district court must treat it as a [§] 2254 application instead.") (citing *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002) ("[I]t is the substance of the petition, rather than its form, that [governs.]").
    Unlike section 2241 petitions, petitions filed under section 2254 are subject to the "gate keeping" provisions of section 2244. Therefore, the conversion of petitioner's petition into one brought pursuant to section 2254 will bring with it certain restrictions. Because of these restrictions, a filing may not be converted into a first section 2254 petition without notifying the petitioner of the district court's intent to convert the petition, and giving him or her an opportunity to consent to the conversion or to withdraw the petition rather than having it converted. *Castro v. United States*, 540 U.S. 375, 383 (2003); *Cook*, 321 F.3d at 282. However, for the reasons discussed in this Order, it would be an unwise use of time and resources to continue the discussion of conversion because the petition, as it presently stands, must be dismissed.

Here, petitioner specifically states that he has not attempted to seek redress in the state courts. Pet. at 2-3, 5. Specifically, petitioner does not allege that he has filed a state habeas petition or otherwise fully exhausted his available state court remedies before filing the instant petition. See *Andujar*, 2010 WL 786298, at *4 (discussing the state habeas petition the inmate had successfully filed seeking transfer to Willard) (citing *Andujar v. Fischer*, No. 9:09-CV-0489 (NAM/DRH), Dkt. No. 1, Complaint, at 7-9). Accordingly, the petition is dismissed without prejudice as premature and unexhausted. Petitioner may re-file any claims once they have been fully exhausted and the state court proceedings have concluded.

IV.   **CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 22, 2023
       Albany, New York

Mae A. D'Agostino
U.S. District Judge